UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY J. MAHONEY,

    Plaintiff,

v.                                                                                                  Hon. Sally J. Berens

COMMISSIONER OF SOCIAL SECURITY,                        Case No.  1:19-cv-00946

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Secretary of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence

supporting that decision. *See Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Secretary of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

On January 12, 2017, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging an onset date of April 14, 2016. The claim was initially denied on July 13, 2017. ALJ James Kent held a hearing on September 20, 2018, at which Plaintiff and a vocational expert, Joanne M. Pfeffer, M.A., testified. The ALJ issued an opinion finding that

Plaintiff was not disabled on December 20, 2018. On October 11, 2019, the Appeals Council denied Plaintiff's request for administrative review, making ALJ Kent's decision the final decision of the Commissioner.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience,

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2022, and had not engaged in substantial gainful activity since April 14, 2016, the alleged onset date. (ECF No. 6-2, PageID.44-45.) The ALJ found that Plaintiff had the following severe impairments that significantly limited the ability to perform basic work activities: "obesity; dysfunction of major joints; osteoarthrosis and allied disorders; reconstructive surgery of a weight-bearing joint; and fractures of the lower extremity." (PageID.45.)

Next, the ALJ considered whether Plaintiff's impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and found that her impairments "do not meet or medically equal in severity or duration the criteria listed in Listing 1.02, 1.03, or any other listing." (PageID.45.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b), except:

> the claimant can stand and walk up to two hours and sit up to six hours. She requires use of a cane to walk more than 50 feet, and for use on wet surfaces and uneven terrain. She must avoid unprotected heights and hazardous machinery. She requires the ability to sit and stand at will provided this person is not off task more than 10% of the work period, and any changes in posture sitting to standing to walking is within the 10 percent off task time limitations.

(PageID.45.) Based on this RFC, the ALJ found that the Plaintiff was capable of performing past relevant work as an administrative clerk and mail clerk "as actually and generally performed."

4

(PageID.45-46.) As such, the ALJ determined that the Plaintiff was not disabled within the meaning of the Social Security Act from April 14, 2016, through the date of the decision.

Plaintiff raises several claims of error. First, Plaintiff claims that the ALJ's decision failed to consider evidence regarding her surgery on the day following the hearing. Second, Plaintiff argues that the ALJ should have determined that her impairments met the criteria for Listing 1.03. Plaintiff also claims that the RFC was not based on substantial evidence and was incompatible with the record regarding her past relevant work. Finally, Plaintiff alleges the ALJ failed to follow the treating source rule.

As to the question of whether she met or medically equaled a listed impairment, Plaintiff argues that the ALJ omitted from his opinion an analysis of the amount of time that she was precluded from working after each of her surgeries and the extent to which she was unable to ambulate effectively for a full year due to those surgeries.[2] She argues he did not consider that in determining that she did not meet or medically equal the severity of Listing 1.03.

Listing 1.03 requires "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." 20 C.F.R. pt.

---

[2] Plaintiff attacks the ALJ's opinion in part because he did not consider evidence that the Plaintiff underwent foot surgery the day after the hearing. Plaintiff apparently did not submit any evidence regarding that surgery. Plaintiff has the burden of proving a disability within the meaning of the Social Security Act. 20 C.F.R. § 404.1512. As the Commissioner notes, the ALJ does not have a "special duty to develop the record" when an individual is represented by counsel. *See Culp v. Comm'r of Soc. Sec.*, 529 F. App'x 750, 751 (6th Cir. 2013). Plaintiff does not explain why she never submitted additional evidence regarding the surgery she was to have after the hearing. Nonetheless, the record is clear that the ALJ was aware of Plaintiff's upcoming surgery and its nature (torn ankle tendons and hammer toes). (ECF No. 6-2, PageID.62-63.) Plaintiff also argues that the ALJ misstated the number of surgeries she had undergone relevant to her disability. The Commissioner contends that the ALJ properly noted that there were three surgeries during the period of claimed disability. In any case, the ALJ notes each of the surgeries in his opinion. (ECF No. 6-2, PageID.46-48.)

404, subpt. P, app. 1, § 1.03. Plaintiff argues she met those criteria. The Commissioner argues that the medical records indicate that Plaintiff returned to effective ambulation within a year following her surgery. (*See* PageID.332, 316, 310.) Plaintiff counters that the medical records demonstrate the reverse. (*See* PageID.270-71, 329, 365, 402.) There is no discussion of Plaintiff's impairments in relation to Listing 1.03 beyond a boilerplate recitation that the ALJ had "evaluated the signs, symptoms, and laboratory findings" and found that they did not meet the listings.

At step three, the claimant bears the burden to establish that her impairments meet a listed impairment. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). The Listing of Impairments, located at Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Moreover, all of the criteria must be met concurrently for a period of twelve continuous months. *See McKeel v. Comm'r of Soc. Sec.*, No. 14-cv-12815, 2015 WL 3932546, *8 (E.D. Mich. June 26, 2015) (citing 20 C.F.R. § 404.1525(c)(3), (4); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00D ("[b]ecause abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation")).

The Sixth Circuit has held that an ALJ commits reversible error by failing to analyze the claimant's physical condition in relation to the listed impairment. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415–16 (6th Cir. 2011). In *Reynolds,* the court summarized the manner in which an ALJ should analyze a physical condition under the listed impairments: "In short, the ALJ needed

6

to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence." *Id.* at 416 (citing *Burnett v. Comm'r of Soc. Sec.,* 220 F.3d 112, 120 (3d Cir. 2000); *Senne v. Apfel,* 198 F.3d 1065, 1067 (8th Cir. 1999); *Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996)); *see also M.G. v. Comm'r of Soc. Sec.*, 861 F. Supp. 2d 846 (E.D. Mich. 2012).

However, in *Forrest v. Comm'r,* 591 F. App'x 359, 364-66 (6th Cir. 2014), the Sixth Circuit held that the analysis required at step three is less onerous than that required to establish "good reasons" under 20 C.F.R. § 404.1527(d) for rejecting a treating physician's opinion. The court declined to extend the holding in *Wilson v. Comm'r,* 378 F.3d 541, 544–48 (6th Cir. 2004) ("circumscribed form of harmless error review"), to step three. 591 F. App'x at 365. *Forrest* held that, where the comparison of the medical findings to any listed impairment is sparse, the Court can consider the ALJ's entire decision in determining whether substantial evidence supports the step three finding. 591 F. App'x at 366; *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006); *Bradford v. Sec'y of Dept. of Health & Human Servs.*, 803 F.2d 871, 873 (6th Cir. 1986).

Here, though, the rest of the ALJ's opinion does not cure the minimal listing discussion. It is unclear from the ALJ's opinion whether he overlooked the question of whether Plaintiff could not ambulate effectively for more than one year, or considered but rejected it for grounds he did not articulate. If the former, then the decision is not supported by substantial evidence, and remand is required to allow the Commissioner to consider in the first instance whether Plaintiff qualified for the listing. *See Reynolds,* 424 F. App'x 415–16; *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 748–50 (6th Cir. 2007); *SEC v. Chenery*, 332 U.S. 194, 196–97 (1947) ("It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court

be expected to chisel that which must be precise from what the agency has left vague and indecisive."); *Karger v. Comm'r of Soc. Sec.*, 414 F. Appx. 739, 754 (6th Cir. 2011) (unpublished) ("It is not ... the district court's role[ ] to scour the record for evidence ... which the ALJ might have relied on and which could support a finding of no-disability if the ALJ actually considered it.").

Accordingly, the matter must be remanded unless the contested issue, even if it had been resolved in the claimant's favor, would not have changed the ultimate outcome. *See McClellan v. Astrue*, 804 F. Supp. 2d 678, 696 (E.D. Tenn. 2011); *Berryhill v. Shalala*, 1993 WL 361792, at *7 (6th Cir. Sep. 16, 1993) (unpublished) (quoting *Kurzon v. United States Postal Serv.*, 539 F.2d 788, 796 (1st Cir. 1976)). That is not the case here. If the Commissioner determines that Plaintiff qualifies for Listing 1.03, then she will be conclusively presumed disabled for the time period in question.

## CONCLUSION

Therefore, I remand this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Because a remand is required at step three, I have not considered Plaintiff's further claims of error.

A judgment consistent with this opinion will enter.

Dated: March 22, 2021  /s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

8